IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

MORTEAMES JAMES, #1864197,

    Plaintiff,

v.

THOMAS WOLFE,
JOHN KELSON,
WARDEN CASEY CAMPBELL,

    Defendants.

Case No.: GJH-17-3627

## MEMORANDUM OPINION

Plaintiff Morteames James, a *pro se* litigant incarcerated at Brockbridge Correctional Facility ("BCF") in Jessup, Maryland, brings this civil rights action against Defendants Assistant Warden Thomas Wolfe, acting Facility Administrator John Kelson, and Warden Casey Campbell,[1] pursuant to 42 U.S.C. § 1983. Plaintiff seeks $250,000.00 in damages and alleges that the water at BCF is contaminated with sand and lead, that he "has trouble thinking" and that he is in danger of liver damage from lead poisoning. ECF No. 1 at 1–2; ECF No. 6-1.[2] Pending before the Court is Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 10. Plaintiff has not opposed Defendants' Motion,[3] and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion, construed as a Motion for Summary Judgment, is granted.

---

[1] The Clerk shall correct the docket to reflect the full and accurate spelling of Defendants' names.
[2] This opinion references pagination assigned by the Court's electronic docket system.
[3] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on March 22, 2018, the Clerk notified Plaintiff that Defendants had filed a dispositive motion. *See* ECF No. 11. He was also informed of his right to file a timely written response and of the possibility that, if he failed to respond, the case could be dismissed or a judgment may be entered without further notice. *Id.*

1

I.    BACKGROUND

The Court received Plaintiff's Complaint on December 6, 2017. ECF No. 1. Plaintiff's Complaint alleges that he is "under imminent danger . . . of serious physical injury" as there is "sand and lead in the water" at BCF as a result of old pipes. *Id.* at 1–2. In addition to sand and lead in the water, Plaintiff also claims that the facility has "bad water from bad old pipes" and that there is "mold all over and all kinds." ECF No. 1 at 1; ECF No. 6. He alleges that consuming the water has caused him a number of health problems. In support of his Complaint, Plaintiff includes a Sick Call Request/Encounter Form that purports to show that Plaintiff complained of "problems with [his] body from drinking the lead tainted water." ECF No. 1-2 at 1. Plaintiff also asserts that the corrections officers do not consume the water at BCF and that, according to information obtained from the internet, BCF is condemned. ECF No. 1 at 1-2.

On March 19, 2018, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 10. Along with their motion, Defendants submitted supporting materials to the Court, including communications regarding recent water testing completed at the correctional facility, which reported a finding that neither the office water nor the jail water were contaminated with lead. ECF No. 10-2; ECF No. 10-4 at 3–5. Defendants also attached Plaintiff's verified medical records and a declaration affirming that Plaintiff has not sought any administrative remedies to resolve this matter. ECF Nos. 10-5, 10-9. Finally, Defendants contend that the Sick Call Request/Encounter Form is a falsified copy of another inmate's medical record.[5] *Compare* ECF No. 1-2, *with* ECF No. 10-3 at 4.

---

[5] Defendants also contend that Plaintiff's Complaint is a "duplicate copy of [another inmate's] lawsuit." ECF No. 10-1 at 12. Defendants argue that Plaintiff duplicated the Complaint and supporting documentation submitted by the plaintiff in *Brisbane v. Hogan*, No. CV JKB-17-1598, 2018 WL 1399813 (D. Md. Mar. 20, 2018), and submitted the pertinent materials from that case to the Court. *See* ECF No. 10-3. Using another inmate's Complaint to draft boilerplate language is not fatal to his lawsuit; however,

2

The material facts are not in dispute.

## II. STANDARD OF REVIEW

Defendants' motion is styled as a Motion to Dismiss, or in the Alternative, for Summary Judgment. ECF No. 10. If the Court considers materials outside the pleadings, as the Court does here, the Court must treat a motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(d). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*; *see also Laughlin v. Metropolitan Wash. Airports Auth*., 149 F.3d 253, 260–61 (4th Cir. 1998). Furthermore, the Court may grant a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre-or post-discovery).

Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props*., 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex,* 477 U.S. at 322-23. A material fact is one that

---

Plaintiff should be careful to supplement such language to contain factual allegations sufficient to sustain his own claim.

"might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255. Plaintiff was provided notice of the Defendants' filing of exhibits and affidavits to support the Motion for Summary Judgment and has not responded. ECF No. 11.

## III.    DISCUSSION

Defendants argue that they are entitled to summary judgment on the basis of qualified immunity[7] and because Plaintiff failed to allege conditions that rise to the level of cruel and usual punishment under the Eighth Amendment. ECF No. 10-1 at 6–7, 10–12. Additionally, Defendants assert that they are entitled to dismissal because they had no personal involvement in Plaintiff's alleged violation, the Complaint alleges no facts against them, and Plaintiff has not satisfied the administrative exhaustion requirement under the Prison Litigation Reform Act (PLRA). *Id.* at 7–10, 12–14. For the reasons that follow, the Court agrees that the PLRA bars Plaintiff's federal claim. The Court also agrees that Defendants would be entitled to summary judgment, if Plaintiff had satisfied the exhaustion requirement.

---

[7] The Court does not reach a determination on qualified immunity, given that the case cannot proceed.

4

### A. Exhaustion of Administrative Remedies

Defendants raise the affirmative defense of non-exhaustion, pursuant to the PLRA. *See* ECF No. 10-1 at 12–14; *accord Jones v. Bock*, 549 U.S. 199, 216 (2007). The PLRA provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. 1997e(a). The exhaustion requirement allows prisoners to pursue administrative grievances so that the prisons may address complaints before being subjected to suit, reduces litigation, and improves litigation by creating a useful record in the event of litigation. *Jones*, 549 U.S. at 219. The requirement also contemplates that a plaintiff will have pursued administrative grievances, appealing through the stages in the administrative process, until he receives a final denial of his claims. *Kitchen v. Ickes*, 116 F. Supp. 3d 613, 624 (D. Md. 2015), *aff'd*, 644 F. App'x 243 (4th Cir. 2016). Exhaustion is mandatory and a court may not excuse a plaintiff's failure to exhaust. *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016).

Defendants bear the burden of proving that Plaintiff had remedies available to him of which he failed to take advantage. *Jones*, 549 U.S. at 211–12, 216; *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Therefore, Plaintiff's claim must be dismissed if Defendants raise the affirmative defense and prove that Plaintiff failed to exhaust available remedies. *Jones*, 549 U.S. at 216–17.

Here, Defendants have submitted a declaration that shows that Plaintiff has not sought "any administrative remedy procedure complaint appeals" relative to his contention that the water at BCF has caused him to suffer the health conditions of which he complains. ECF No. 10-9. Plaintiff has failed to dispute this evidence. Thus, there is no dispute that Plaintiff failed to

exhaust his available administrative remedies before filing the instant Complaint. Therefore, Defendants are entitled to dismissal.

### B. Eighth Amendment Claim

Even if he had exhausted his administrative remedies, the Court would still grant summary judgment in favor of Defendants as there is no genuine dispute of material fact that Defendants have not violated Plaintiff's Eighth Amendment rights. A prisoner must prove two elements to establish conditions that constitute cruel and unusual punishment: (1) "the deprivation of [a] basic human need was *objectively* 'sufficiently serious,'" and (2) "*subjectively* the officials act[ed] with a sufficiently culpable state of mind." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1379) (emphasis in original). The objective component of an Eighth Amendment conditions-of-confinement claim is responsive to "contemporary standards of decency" and, thus, challenged conditions must be extreme deprivations. *See Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)); *De'Lonta*, 330 F.3d at 634. The subjective component requires a showing of deliberate indifference on the part of the prison officials. *De'Lonta*, 330 F.3d at 634. Deliberate indifference "requires that a prison official know of and disregard the objectively serious condition." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

To avoid judicial subjectivity, any determination of whether the alleged conditions rise to the level of cruel and unusual punishment will be informed by the objective factors to the maximum extent. *See Strickler*, 989 F.2d at 1379. Therefore, Plaintiff's claim will withstand summary judgment if it either alleges "a serious or significant physical or emotional injury resulting from the challenged conditions" or demonstrates that the prisoner suffered a

6

"substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." *De'Lonta*, 330 F.3d at 634.

First, Plaintiff has failed to show that he suffered serious harms or was exposed to an <u>objectively</u> serious risk of harm. With the exception of the allegedly falsified medical record submitted with his Complaint, Plaintiff has not produced medical records that demonstrate that he either suffers from a serious or significant physical injury or suffered a substantial risk of serious harm resulting from his exposure to the challenged conditions. *See* ECF No. 1-2. To prove his suffering, Plaintiff submitted a Sick Call Request/Encounter Form that Defendants contend is a falsified copy of another inmate's medical record.[8] *Compare* ECF No. 1-2, *with* ECF No. 10-3 at 4. In response, Defendants submitted verified copies of Plaintiff's medical records, the most recent of which indicates the Plaintiff was physically "[w]ell nourished and well developed." ECF No. 10-5 at 3. Moreover, the verified medical records are devoid of any sick call-related issues that demonstrate that Plaintiff believed he was suffering from any medical injury derived from consuming the water at BCF. *See* ECF 10-5. Thus, there is no dispute that Plaintiff has not actually suffered an objectively serious harm.

Furthermore, it is beyond dispute that Plaintiff was not exposed to a serious risk of harm. Plaintiff alleges that there is lead in the water at BCF that is causing "damage to his body" and that he "suffers from los[s] of thinking[,] . . . damage to his brain and, he is in very much [in] <u>danger of dying from lead pois[on]ing!</u>" ECF No. 1 at 1 (emphasis in original). He also contends that lead is contained in his blood and that he is in danger of liver damage. *Id.* The evidence submitted by Defendants indicates, however, that while BCF has "an obsolete drinking water system" in one of its break rooms, there is no lead in any of the water that was tested in response

---

[8] The Court has reviewed both documents and it is clear, beyond a genuine dispute, that the document submitted by Plaintiff is a copy of the other prisoner's Sick Call Request/Encounter Form, with the name of the original prisoner replaced with Plaintiff's name.

to another inmate's complaint in December 2017. ECF No. 10-4 at 5. "The quality of water meets or exceeds all state and federal drinking water standards and regulations." *Id.* at 3. Thus, there is no dispute of material fact that Defendant was not exposed to an objectively serious risk of harm.

Second, even if the Court were to find that there is a dispute of material fact as to whether Plaintiff was exposed to an objectively serious harm, Plaintiff has failed to prove that any of the Defendants exhibited a subjective deliberate indifference to the challenged conditions. On the contrary, the immediate water testing that followed another inmate's allegation that the facility's water contained lead demonstrates that the Defendants took reasonable action sufficient to refute any deliberate indifference on their part. *See Cox v. Quinn*, 828 F.3d 227, 237 (4th Cir. 2016) ("[T]he Eighth Amendment requires more than some action: It requires reasonable action.") (emphasis in original).[9] The water treatment company's test results found no lead in the office water and the "jail water."[10] ECF No. 10-4 at 5. Thus, there is no genuine dispute of material fact that Defendants did not subjectively act with deliberate indifference to Plaintiff's safety.

---

[9] Case law on whether deprivation of potable water rises to the level of a constitutional violation is scant. *See, e.g.*, *Moore v. Warden of N. Branch Corr. Inst.*, No. CV JKB-16-2410, 2017 WL 2909037 (D. Md. July 7, 2017), *appeal dismissed sub nom. Moore v. Bishop*, No. 17-6943, 2017 WL 7036536 (4th Cir. Sept. 15, 2017); *Williams v. Johnson*, No. 1:10CV1290 TSE/TCB, 2012 WL 695705 (E.D. Va. Feb. 29, 2012), *aff'd*, 474 F. App'x 249 (4th Cir. 2012). However, it should be noted that this Court remains aware that conditions that "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

[10] Defendants submitted evidence sufficient to indicate *only* that the water running to the breakroom and to Kent Dorm contain no lead. *See* ECF No. 10-4 at 3. This evidence does not refute Plaintiff's contention that the water he consumes in either his dorm or some other location in the facility may not be suitable for drinking. It remains unclear whether Plaintiff, like the inmate who brought the previous water claim, was housed in Kent Dorm. Nonetheless, these facts remain undisputed by the Plaintiff.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion, construed as a Motion for Summary Judgment, ECF No. 10, shall be granted. A separate Order follows.


Dated: October 1, 2018 _____/s/_____
GEORGE J. HAZEL
United States District Judge